**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CARLOS SIMMONS,

        Petitioner,

v.    Case Number: 09-CV-13131
      Honorable George Caram Steeh

CARMEN PALMER,

        Respondent.
_____/

## OPINION AND ORDER
## (1) GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS, AND (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND AN APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Carlos Simmons, a state prisoner confined at the Michigan Reformatory in Ionia, Michigan, filed his "Petition for Writ of Habeas Corpus" [dkt. # 1], on August 10, 2009, asserting that he is being held in violation of his constitutional rights. On June 13, 2006, Simmons was convicted of three counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(f), and one count of unarmed robbery, MICH. COMP. LAWS § 750.530, following a jury trial in the Wayne County Circuit Court. On June 29, 2006, he was sentenced as a habitual offender, second offense, MICH. COMP. LAWS § 769.11, to concurrent terms of thirty-five to fifty years imprisonment for each first-degree-criminal-sexual-conduct conviction and five to twenty-two-and-one-half years imprisonment for the unarmed-robbery conviction. This matter is before the Court on Respondent Carmen Palmer's "Motion to Dismiss" [dkt. # 6] the petition for failure to fully exhaust state-court remedies; Simmons's claims regarding ineffective assistance of trial counsel, for failing to secure an eyewitness-identification expert, has not been properly exhausted in the state courts. For the reasons stated, the Court will

dismiss the petition without prejudice so that Simmons may return to state court to exhaust. The Court also declines to issue a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

## I. BACKGROUND

Following his convictions and sentencing, Simmons filed an appeal of right with the Michigan Court of Appeals, raising the following claims:

I. The trial court erred in denying [Simmons's] motion to suppress photographic lineup identification evidence, as the lineup was conducted while [he] was in custody and in violation of [his] right to counsel.

II. The trial court erred in admitting references to [Simmons's] other alleged rapes in violation of [Mich.R.Evid.] 404(b).

III. [Simmons] was denied a fair trial and his constitutional right to the effective assistance of counsel by his attorney's failure to request the appointment of an expert on eyewitness identification.

IV. The trial court erred in scoring 50 points for OV 7 because there was no evidence of sadism or torture.

V. The trial court violated [Simmons's] rights under the Fifth, Sixth, and Fourteenth Amendments by increasing his sentence based on facts that were never found by a jury beyond a reasonable doubt.

VI. The trial court's order that [Simmons] reimburse the county $760 in attorney fees must be vacated where [he] was indigent and there was no hearing finding or other showing that he had the present or future ability to pay such attorney fees.

On December 11, 2007, the Michigan Court of Appeals affirmed Simmons's convictions and sentences, but "reverse[d] the portion of the judgment of sentence and order requiring [Simmons] to repay his attorney fees, and remand[ed] for the trial court to consider [Simmons's] ability to pay." *People v. Simmons*, No. 271675, 2007 WL 4322154 (Mich.Ct.App. Dec. 11, 2007) (unpublished).

On January 24, 2008, the Court of Appeals denied Simmons's motion for reconsideration. *People v. Simmons*, No. 271675 (Mich.Ct.App. Jan. 24, 2008).

Then, on March 7, 2008, the Wayne County Circuit Court issued an order deleting the imposition of attorney fees from Simmons's judgment of sentence, pursuant to the Court of Appeals's December 11, 2007, order.

Subsequently, Simmons filed an application for leave to appeal with the Michigan Supreme Court, raising the same claims as raised in the Court of Appeals, but did not present his claim that this trial counsel was ineffective for failing to secure an eyewitness-identification expert and also did not present the issue regarding the attorney fees. On May 27, 2008, the Michigan Supreme Court denied his application because it was "not persuaded that the questions presented should be reviewed by this Court." *People v. Simmons*, 481 Mich. 879, 748 N.W.2d 841 (2008). It appears that Simmons neither filed a writ of certiorari with the United States Supreme Court nor a post-conviction motion with the state court.

Rather, Simmons filed the pending habeas petition, attaching his February 2007 Court of Appeals's brief, which alleged the above-stated six claims. Therefore, the Court concludes that Simmons is raising the same six claims that he presented to the Court of Appeals on direct appeal.

## II. DISCUSSION

The instant petition must be dismissed because it contains a claim that Simmons failed to exhaust with the state courts.

As a general rule, a state prisoner seeking federal-habeas relief must first exhaust his available state-court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full

3

opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal-habeas proceeding to the state courts. The claims must be must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans* ). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F.Supp.2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir.1990) (issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Thus, here, the state courts must first be given a fair opportunity to rule upon Simmons's habeas claims before he can present those claims to this Court. *Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002). Otherwise, the Court cannot apply the 28 U.S.C. § 2254(d) standard.

The Sixth Circuit has identified four actions that a petitioner can take which are significant to the determination of whether he has properly asserted both the factual and legal bases for his or her claim, *i.e.*, "fairly presented" that claim: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon states cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Whiting*

4

*v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005). General allegations of the denial of rights to a fair trial and due process do not fairly present claims that federal constitutional rights were violated. *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006)

In this case, Simmons has not met his burden of demonstrating exhaustion of state-court remedies. The state-court records filed with the Court reveal that he did not present the issue that his trial counsel was constitutionally ineffective, for failing to secure an eyewitness-identification expert, to the Michigan Supreme Court. Because both the Michigan Court of Appeals and the Michigan Supreme Court must be afforded a fair opportunity to pass on all of his allegations before he may present them to the federal courts on habeas review, Simmons's third claim, his ineffective-assistance-of-trial-counsel claim, remains unexhausted.

The exhaustion requirement may be excused where there is no opportunity to obtain relief in state court, or if the process to do so is so deficient as to render futile any effort to obtain relief in state court. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The Court must consider whether Simmons has an avenue available for exhaustion of his unexhausted claim in state court.

Simmons's ineffective-assistance-of-counsel claim, regarding procuring an eyewitness-identification expert, is unexhausted because that claim was never presented to the Michigan Supreme Court. Although Simmons raised the claim in his appeal with the Court of Appeals, the presentation of that claim in the Court of Appeals is insufficient to exhaust that claim, for the purpose of this review; Simmons failed to present the claim to the Michigan Supreme Court.

The doctrine of exhaustion requires that the same claim under the same theory be presented to both state appellate courts before it can be raised in a federal-habeas petition. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). A habeas petitioner is required to present to the state courts "the

5

same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley*, 69 F.3d 247, 253 (8th Cir. 1995) ( quoting *Tippitt v. Lockhart*, 903 F.2d 552, 554 (8th Cir. 1990). Because the ineffective-assistance-of-counsel claim contained in Simmons's third claim in his habeas petition is different than the claim presented during his direct appeals process, his third habeas claim has not been fairly presented to the state courts. *See Caver v. Straub*, 349 F.3d 340, 346-47 (6th Cir. 2003)( citing to *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987).

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth*, 454 U.S. at 3. A habeas petitioner, however, has the burden of showing that all available state-court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F.Supp.2d 898, 901 (N.D. Iowa 1999).

Simmons's method of properly exhausting his unexhausted claim in the state courts would be through filing a motion for relief from judgment with the trial court. The Michigan Court Rules provide a process through which he may raise his unexhausted claim; he can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on his claim. Simmons may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. Therefore, Simmons's unexhausted claim should be addressed to, and considered by, the state courts in the first instance so the state courts will have an opportunity to decide the issue.

Additionally, the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for Simmons as long as he pursues his state-court remedies in a prompt fashion. The one-year limitations period did not begin to run until ninety days after the conclusion of his direct appeals, on or about August 28, 2009. *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir.2000). Simmons thus had until August 28, 2010, to file his habeas petition. He signed his habeas petition on August 5, 2009, and submitted it to prison officials for mailing. The one-year period will be tolled during the time in which any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002); *Abela v. Martin*, 348 F.3d 164, 166 (6th Cir. 2003). While the time in which his habeas case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court. *See*, e.g., *Johnson v. Warren*, 344 F.Supp.2d 1081, 1088-89 (E.D. Mich. 2004). Given that the one-year limitations period remains, Simmons has sufficient time in which to fully exhaust his issue in the state courts and return to federal court should he wish to do so. A stay is unnecessary.

Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review Simmons's unexhausted

claim, such action would deny the state courts the deference to which they are entitled. The state courts must first be given a fair opportunity to rule upon all of his claims before he litigates those claims in this Court; otherwise, the Court cannot apply the 28 U.S.C. § 2254 standard.

### III. CONCLUSION

For the reasons stated, the Court concludes that Simmons has not exhausted his state-court remedies as to the third claim contained in his habeas petition. Accordingly, the Court **GRANTS** Respondent's "Motion to Dismiss" [dkt. # 6] and **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus. Should Simmons wish to delete the unexhausted claim and proceed only on the fully exhausted claims, he may move to re-open this case and amend his petition to proceed on the exhausted claims within thirty (30) days of the filing date of this order. The Court makes no determination as to the merits of his claims.

Before Simmons may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DECLINES** to issue

8

a certificate of appealability. The Court also **DECLINES** to issue an application for leave to proceed on appeal *in forma pauperis*, as any appeal would be frivolous. *See* Fed. R.App. P. 24(a).

Dated: February 23, 2010

                                      S/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 23, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---